UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
                CHAPTER 13  
                CASE:  17-11810-MER

JUDITH JEAN SCHNEIDER

    DEBTOR(s).

---

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

---

The Standing Chapter 13 Trustee hereby files her Objection to Confirmation of Chapter 13 Plan and as grounds therefore states as follows:

1. Debtor's plan is not feasible.  11 U.S.C. § 1325(a)(6).  Debtor's plan provides for the secured claim of CVI Loan GT Trust 1 to be voided pursuant to § 522(f).  However, Debtor has not filed a § 522(f) motion.

2. Debtor's plan fails to fully provide for the secured claim of the Adams County Treasurer.  11 U.S.C. § 1325(a)(5).  Debtor's plan provides for the claim of the Adams County Treasurer to be paid through Debtor's plan.  However, the plan identifies the total amount payable as -0-.

3. Debtor's plan fails to satisfy the "best-interest-of-creditors" test.  11 U.S.C. § 1325(a)(4).  On March 27, 2017, the Colorado Department of Revenue filed a proof of claim showing that Debtor had not filed her 2013, 2014, 2015, and 2016 Colorado state income tax returns.  On April 11, 2017, the Colorado Department of Revenue filed an amended proof of claim that shows Debtor has filed her 2013, 2014, 2015, and 2016 Colorado state income tax returns and that no taxes are due for those years.  As no taxes were due for those years, the Trustee assumes that Debtor received an income tax refund for each of these years.  Debtor has not included these refunds in the Chapter 7 Reconciliation.

If Debtor had refunds coming to her from her 2013, 2014, 2015, and 2016 federal income tax returns, Debtor needs to include those tax refunds in the Chapter 7 Reconciliation.

Additionally, the Trustee objects to Debtor taking an exemption pursuant to C.R.S. § 13-54-102(1)(s) for funds in her Bank of the West checking account.

The Trustee requests that Debtor provide to the Trustee copies of her 2013, 2014, 2015, and 2016 Colorado state and federal income tax returns with all schedules, statements, and attachments (including copies of all W-2s and all 1099s).

4.	The Trustee reserves the right to report on the Debtor(s) payment history at the hearing on her Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. Section 1307.

April 13, 2017

Respectfully submitted,

/s/ William R. Lambert
William R. Lambert #18882
Attorney for Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971
(303) 830-1973 Fax

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on  April 13, 2017  addressed as follows:

Judith Jean Schneider
4316 East 113th Place
Thornton, CO  80233

Thomas A. Arany
1401 17th St., Ste. 300
Denver, CO  80202

Michael J. Watton
700 N. Water St., Ste. 500
Milwaukee, WI  53202

/s/    William R. Lambert
Chapter 13 Trustee Staff Member